**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
-------------------------------------------------------------------x
METLIFE BANK, N.A.,                                    Case No.: _____

        Plaintiff,

v.                                                                            **COMPLAINT**

RADIAN GUARANTY, INC.,

        Defendant.
-------------------------------------------------------------------x

    Plaintiff, METLIFE BANK, N.A., on behalf of its mortgage division, MetLife Home Loans, ("MetLife Bank"), by and through its attorneys, d'Arcambal Ousley & Cuyler Burk, LLP, as and for its Complaint against Defendant Radian Guaranty, Inc. ("Radian"), alleges as follows:

## SUMMARY OF THE DISPUTE

    1.    MetLife Bank brings this action against Radian for breach of contract and fraud with regard to mortgage insurance sold to MetLife Bank by Radian pursuant to a Master Policy issued to MetLife Bank by Radian (the "Master Policy"). MetLife Bank purchased mortgage insurance from Radian to protect itself against losses sustained as a result of payment defaults by borrowers on mortgage loans that MetLife Bank originated or assumed.

    2.    Pursuant to the terms of the Master Policy, Radian agreed that it would cover the risks of and losses caused by payment defaults in connection with the mortgage loans serviced by MetLife Bank, provided that MetLife Bank submitted to Radian an Application for Insurance (the "Application for Insurance") for each loan for which coverage under the Master Policy was desired. In turn Radian, at its own discretion, would approve the loan for coverage. Such approval by Radian was communicated to MetLife Bank in the form of a Commitment of Insurance (the "Commitment of Insurance"). Once the Commitment of Insurance was received,

MetLife Bank would pay an initial premium to Radian and Radian would promise to issue a Certificate of Insurance to MetLife Bank. The Certificate of Insurance would then bind Radian under the Master Policy to provide mortgage insurance for the respective mortgage loans.

3. During the period the Master Policy was in effect, MetLife Bank issued various loans that were eligible for insurance under the Master Policy. Radian confirmed the mortgage insurance coverage for each loan under the Master Policy, including the mortgage loan at issue in this action.

4. Despite Radian's past representations and commitments to MetLife Bank that the mortgage loan at issue had qualified for coverage under the Master Policy, Radian has refused to pay on a valid claim submitted by MetLife Bank, as more fully described hereinafter.

5. In reliance on the misrepresentations and actions of Radian, MetLife Bank assumed the mortgage loan at issue from First Horizon and continued to service the loan, which it would not have done had Radian informed MetLife Bank that the loan did not qualify for coverage under the Master Policy. As a result of Radian's actions, MetLife Bank suffered, and is at risk of suffering further, financial losses.

6. Radian has refused to pay a valid claim for coverage of the mortgage loan at issue made by MetLife Bank under the Master Policy and has thereby breached its obligations under the Master Policy. Pursuant to the Master Policy, upon the default of the mortgage loan at issue, MetLife Bank filed a claim with Radian to recover for covered losses. By refusing to pay the valid claim made by MetLife Bank, Radian has materially breached the Master Policy.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. § 1332, in that the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00. MetLife Bank is a

federally-chartered bank with its principal place of business in New Jersey and, upon information and belief, the Defendant is a citizen of Pennsylvania.

8. Venue is proper in this district pursuant to 28 U.S.C § 1391(a)(2) and pursuant to 29 U.S.C § 1332(e)(2) in that a substantial portion of the events giving rise to the claims asserted herein occurred in this District.

9. Venue is proper in this Court as the causes of action alleged herein accrued, in whole or in part, in the City of Convent Station, New Jersey.

## PARTIES

10. MetLife Bank, N.A. (previously defined as "MetLife Bank") is a federally-chartered national bank with its principal place of business at 334 Madison Avenue, Morristown, New Jersey.

11. Upon information and belief, Radian Guaranty, Inc. (previously defined as "Radian") is a private mortgage insurance company with its principal place of business in Philadelphia, Pennsylvania.

## THE MASTER POLICY

12. MetLife Bank purchased insurance from Radian pursuant to a master policy issued to MetLife Bank by Radian (previously defined as the "Master Policy"), for a period of years, including the years 2007 through 2013. The Master Policy which was in effect during this period consists of, inter alia, an Application for Insurance, a Commitment of Insurance, both of which are incorporated by reference in the Master Policy, and a Certificate of Insurance (the "Certificate of Insurance") issued by Radian. A true and correct copy of the Master Policy in effect during the relevant period of time is attached as *Exhibit A.*

13. The Master Policy defines the Application for Insurance, pursuant to Condition One-Definitions, D, as:

3

    a. **Application for Insurance:** means all documents, materials, statements and exhibits, whether or not prepared by [MetLife Bank], submitted to [Radian] by or on behalf of [MetLife Bank] for the purpose of obtaining a Commitment of Insurance or a Certificate of Insurance.

14. The Master Policy defines the Certificate of Insurance, pursuant to Condition One-Definitions, G, as:

    a. **Certificate of Insurance** means a certificate issued by [Radian] to [MetLife Bank], in accordance with the terms of this Policy, to extend insurance coverage to the Loan therein described. A Certificate may take the form, without limitation, of a facsimile, electronic computer tape or other agreed-upon data interchange.

15. The Master Policy defines a Claim, pursuant to Condition One-Definitions, H, as:

    a. **Claim** means a written request for payment of a Loss, made on a form or in a manner acceptable to [Radian].

16. The Master Policy defines a Commitment of Insurance, pursuant to Condition One-Definitions, J, as:

    a. **Commitment of Insurance** means any commitment issued by the Company to [MetLife Bank], setting forth the terms and conditions under which [Radian] will extend insurance converge to a Loan in accordance with this Policy.

17. The Master Policy defines a Loss, pursuant to Condition One-Definitions, R, as:

    a. **Loss** means the amount of loss suffered or incurred by [MetLife Bank] determined pursuant to the provisions of Condition Eleven of this Policy.

18. The Master Policy defines a Perfected Claim, pursuant to Condition One-Definitions, T, as:

    a. **Perfected Claim** means a Claim containing all of the information and proof **reasonably required** by [Radian] to evaluate its liability with respect thereto (emphasis added).

19. The Master Policy defines the Settlement Due Date, pursuant to Condition One-Definitions, X, as:

    a. **Settlement Due Date** means the date sixty (60) days after receipt of a Claim by [Radian], subject to the extensions of time set forth in Condition Thirteen of this Policy

20. The Master Policy sets forth Loss payment procedures for MetLife Bank to submit a Perfected Claim to Radian. Specifically, to make a Perfected Claim, Condition Eleven – Loss Payment Procedures, D. Claim Requirements (2) states:

    a. All information requested on such form, all documentation requested or **reasonably necessary** to complete such form, and all other information and/or documentation **reasonably requested** by [Radian] in connection with its review of the Claim (emphasis added);

    b. Evidence satisfactory to [Radian] that [MetLife Bank] has borrower's title to the property, except where there has been an Approved Sale or [Radian] has elected to acquire the property;

21. The Master Policy requires Radian to cover MetLife Bank's Loss on a defaulted loan during the period the Master Policy was in effect pursuant to certain claim payment procedures. Specifically, Condition Thirteen-Claim Payment Procedure states:

5

> Any payment of Loss required to be made to [MetLife Bank] with respect to any Claim shall be payable within sixty (60) days after receipt of such Claim, if the Claim has become a Perfected Claim, subject to the following conditions:
>
> **A. Additional Documentation**
>
> [Radian] shall, **within twenty (20) days of the filing of the initial Claim, request additional items necessary to complete its review of the Claim.** The sixty (60) day period shall be suspended until [Radian] receives the requested items. Additional items may be requested by [Radian] after the initial twenty (20) day period, but the sixty (60) day limit will not be tolled for their receipt (emphasis added).
>
> **D. Rescission/Denial**
>
> All Claims shall be either paid, rescinded or denied within one hundred and twenty (120) days after the Settlement Due Date.

### THE VALID CLAIM OF LOSS

22. On or about June 4, 2007, MetLife Bank issued a mortgage loan to Patricia E. Garvin and Matthew D. Ortwein (the "Borrowers") in the amount of $385,883.00 (the "Subject Mortgage") to purchase property located at 868 Pittston Avenue, Las Vegas, NV 89123 (the "Subject Property").

23. The Subject Mortgage originated with First Horizon. Subsequently, MetLife Bank acquired the Subject Mortgage.

24. The Subject Mortgage was underwritten and approved, and thus complied with all required guidelines under the Master Policy.

25. In 2008, the Borrowers defaulted on the Subject Mortgage. On or about July 13,

2009, the Subject Property was foreclosed and sold.

26. Sometime thereafter, MetLife Bank sold the Subject Mortgage to Fannie Mae. Fannie Mae subsequently required MetLife Bank to repurchase the Subject Mortgage.

27. On or about July 31, 2009, MetLife Bank made a Claim of Loss to Radian pursuant to the Master Policy in the amount of $405,358.04 (the "Claimable Amount"), which sum represents the amount due when the loan foreclosed. On or about December 24, 2009, more than sixty (60) days from MetLife Bank's filing of the Claim of Loss, Radian completed a review of the loan file and requested that MetLife Bank provide to Radian the Origination Hud-1, the Borrowers' Authorization and the Underwriting Approval documents (collectively the "Supplemental Documents").

28. Radian violated the terms of the Master Policy because the request for the Supplemental Documents was made more than sixty days after MetLife made the claim of loss. Specifically, Radian violated Condition Thirteen-Claim Payment Procedures, Section A, which expressly states,

> [Radian] shall, within twenty (20) days of the filing of the initial Claim, request additional items necessary to complete its review of the Claim. The sixty (60) day period shall be suspended until [Radian] receives the requested items. Additional items may be requested by [Radian] after the initial twenty (20) day period, but the sixty (60) day limit will not be tolled for their receipt.

29. The Supplemental Documents were not requested as part of the required claim and therefore the Supplemental Documents were not expressly required as part of a Perfected Claim pursuant to the Master Policy.

30. On or about August 19, 2010, Radian denied MetLife's claim for mortgage insurance coverage for the Subject Mortgage for failure to submit the Supplemental Documents.

31. Even though Radian's request for the Supplemental Documents was untimely and

7

not required, MetLife Bank nonetheless provided the Supplemental Documents to Radian on or about March 1, 2013 and requested a reinstatement of the mortgage insurance coverage for the Subject Mortgage.

32. By letter dated April 4, 2013, Radian upheld its decision to deny mortgage insurance coverage for the Subject Mortgage, this time because the Claim Perfection deadline had allegedly expired.

33. On or about May 13, 2013, MetLife Bank again appealed Radian's denial of coverage.

34. By email dated July 18, 2013, Radian denied reinstatement of MetLife Bank's claim alleging that the requested Supplemental Documents were critical to Radian's review of the claim and without those documents the claim must be denied.

35. MetLife Bank made a valid Claim of Loss to Radian pursuant to the Master Policy.

36. Radian rejected MetLife Bank's Claim of Loss for invalid and improper reasons.

37. Radian should have awarded to MetLife bank thirty-five percent (35%) of the Claimable Amount, specifically $141,875.31.

38. MetLife Bank was required to reimburse losses to Fannie Mae in the amount of $141,875.31, which sum represents 35% of the Claimable Amount that should have been covered by Radian but for its improper denial of mortgage insurance coverage for the Subject Mortgage.

39. MetLife Bank has satisfied all of the conditions under the Master Policy required to submit a Perfected Claim for mortgage insurance coverage of the Subject Mortgage.

40. Radian's failure and refusal to honor its mortgage insurance coverage obligations

pursuant to the Master Policy promptly and in full constitutes a material breach of the Master Policy.

### FIRST CAUSE OF ACTION (Breach of Contract)

41. MetLife Bank incorporates the allegations contained in paragraphs one through thirty-nine of the Complaint.

42. Radian contracted with MetLife Bank to provide insurance coverage for defaulted mortgage loans as set forth in the Master Policy.

43. Radian has breached its obligations under the Master Policy by failing and refusing to cover MetLife Bank, in full, for its covered losses pursuant to the valid Claim of Loss submitted for the Subject Loan.

44. The acts by Radian constitute a breach of its express and/or implied contract to provide coverage for the Subject Mortgage upon which MetLife Bank relied on in making its decision to issue, assume and/or continue to service the Subject Mortgage.

45. As a direct and proximate result of Radian's breach of the Master Policy, MetLife Bank is entitled to recover its damages, including substantial consequential damages, plus prejudgment and post-judgment interest.

46. As a direct and proximate result of the Radian's actions, MetLife Bank has sustained damages in excess of $141,875.31.

### SECOND CAUSE OF ACTION (Fraud or Misrepresentation by Radian)

47. MetLife Bank incorporates the allegations contained in paragraphs one through forty-five of the Complaint.

48. Radian knowingly issued a Certificate of Insurance expressly stating that the Subject Mortgage would be covered under the Master Policy.

9

49. Radian knew that representations to MetLife Bank made through the Certificates were false at the time that such representations were made.

50. MetLife Bank reasonably relied upon the fraudulent representations made to it by Radian by agreeing to issue, assume and/or continue to service the Subject Mortgage that later defaulted.

51. Radian had an obligation to advise MetLife Bank that the Subject Mortgage did not qualify for insurance coverage prior to issuing the Certificate of Insurance.

52. Radian issued a Certificate of Insurance to MetLife Bank confirming that the Subject Mortgage had met the requirements set forth in the Master Policy for mortgage insurance coverage.

53. Radian's actions were intended to benefit Radian through its collection of substantial additional premiums, and MetLife Bank relied on Radian's representations that the Subject Mortgage was covered and insured under the Master Policy.

54. As a direct and proximate result of the Radian's actions, MetLife Bank has sustained damages in excess of $141,875.31.

## Jury Demand

MetLife Bank hereby respectfully requests a jury for all claims properly decided by a jury.

WHEREFORE, MetLife Bank prays that the Court order the following relief in its favor and against Defendant as follows:

1. An award of compensatory damages in excess of $141,875.31. plus interest and fees against Radian.

2. A finding that Radian is liable for the compensatory damages sustained by

        MetLife Bank.

3.      An award of attorney's fees in an amount to be determined at trial against Radian.

4.      All such other legal or equitable relief the Court deems just and proper.

Dated: August 1, 2014
      New York, New York

                             **d'Arcambal Ousley & Cuyler Burk, LLP**

                By:  /s/ Aimee L.Creed
                      Aimee L. Creed. Esq.
                      Zalika T. Pierre, Esq.

                      40 Fulton Street, Suite 1005
                      New York, New York 10038
                      Tel. (212) 971-3175

                      *Attorneys for Plaintiff MetLife Bank, N.A.*